UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  13-23666-CIV-SEITZ
           (12-20516-CR-SEITZ)
           MAGISTRATE JUDGE P.A. WHITE

VENANCIO OSCAR PIO,                    :

          Movant,                      :

v.                                     :          REPORT OF
                                              MAGISTRATE JUDGE
UNITED STATES OF AMERICA,              :

          Respondent.                  :
_____

## Introduction

This matter is before this Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence entered in Case No. 12-20516-Cr-Seitz.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Cases in the United States District Courts.

The Court has reviewed the motion [CV-DE#1], Movant's verification [CV-DE#7], the government's response [CV-DE#10], and all pertinent portions of the underlying criminal file.

## Claims

Ground One:    Movant's sentence was unreasonable because he was not given a minor role reduction.

Ground Two:    Ineffective assistance of counsel at sentencing.

1

<u>Procedural and Factual Background</u>

The relevant procedural and factual background of this case is not in dispute.  Movant pled guilty to conspiracy to defraud the government by willfully joining together with others to obtain and aiding to obtain the payment of fraudulent tax refund claims.  A pre-sentence investigation report ("PSI") was prepared, which concluded that Movant was equally culpable with other co-conspirators, and that he should not receive a mitigating role adjustment.  Counsel for Movant filed objections to the PSI, objecting, *inter alia,* to the conclusion that Movant was equally culpable with his co-conspirators.  Counsel also alleged that Movant performed a limited function in the conspiracy, and that, accordingly, Movant should receive a two (2)-level mitigating-role decrease to his offense level pursuant to U.S.S.G. §3B1.2(b).[1]

The district court conducted a two (2)-day sentencing hearing, at which it heard argument concerning the objections by all the parties.  At various points during the proceedings, counsel for Movant referred to Movant as a "courier" or "intermediary" in the conspiracy [CV-DE#10, Exh.2, pp.15, 17 & Exh.3, pp.5, 28].  At one point, the Court specifically inquired as to whether Movant was a "courier" or an "intermediary," and counsel responded that he was an "intermediary" [<u>Id.</u>, Exh.3, p.28].  At another point in the sentencing proceedings, counsel for Movant stated that Movant's earnings from the conspiracy were approximately $75 to $90 per fraudulent tax return [<u>Id.</u>, Exh.3, p.30].

The district court rejected all of Movant's counsel's arguments regarding Movant's alleged minor role in the offense, and sentenced Movant to 70 months imprisonment.  Movant never appealed his sentence.  Movant has now filed the instant motion to vacate, pursuant to §2255.

---

[1]U.S.S.G. §3B1.2(b) provides for a two (2)-level decrease in the offense level, if the defendant was a "minor participant" in the criminal activity.

## Standard of Review

Pursuant to 28 U.S.C. §2255, a prisoner in federal custody may move the court which imposed sentence to vacate, set aside or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. §2255. If a court finds a claim under Section 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id. To obtain this relief on collateral review, however, a habeas petitioner must "clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)(rejecting the plain error standard as not sufficiently deferential to a final judgment).

Under §2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  28 U.S.C. §2255; see also Smith v. Singletary, 170 F.3d 1051, 1053 (11th Cir. 1999)("[a] habeas corpus petitioner is entitled to an evidentiary hearing on his claim 'if he alleges facts which, if proven, would entitle him to relief.'" )(internal citations and quotations omitted)).  However, the movant in a §2255 proceeding must allege reasonably specific, non-conclusory facts that, if true, would entitle him to relief.  Aron v. United States, 291 F.3d 708, 715, n. 6 (11th Cir. 2002).  Otherwise, no evidentiary hearing is warranted.  Id, 291 F.3d at 714-715 (explaining that no evidentiary hearing is needed when claims are "affirmatively contradicted by the record" or "patently frivolous"); Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989)(noting that a

3

hearing is not required on claims which are based upon unsupported generalizations or affirmatively contradicted by the record). Moreover, a court need not conduct an evidentiary hearing where the issues can be conclusively decided on the basis of the evidence already in the record, and where the petitioner's version of the facts have already been accepted as true. See, e.g., Turner v. Crosby, 339 F.3d 1247, 1274-75 (11th Cir. 2003); Smith, 170 F.3d at 1054; Schultz v. Wainwright, 701 F.2d 900, 901 (11th Cir. 1983); Roberts v. Marshall, 627 F.3d 768, 773 (9th Cir. 2010).

The pleading requirements for a motion to vacate under §2255 apply equally to claims for ineffective assistance of counsel. Conclusory allegations of ineffective assistance of counsel are insufficient to state a claim. Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); see also Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)(conclusory allegations of ineffective assistance of counsel are insufficient to raise a constitutional issue). A movant's claims of ineffective assistance of counsel are thus subject to dismissal without a hearing when they "are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible.'" Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991)(citations omitted). The movant in a §2255 proceeding alleging ineffective assistance of counsel must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact which, if proved at a hearing, would entitle him to relief. United States v. Aiello, 900 F.2d 528, 534 (2nd Cir. 1990). Bare and conclusory allegations of ineffective assistance of counsel which contradict the existing record and are unsupported by affidavits or other indicia of reliability are insufficient to require a hearing or further consideration. See Diaz v. United States, 930 F.2d 832, 834-35 (11th Cir. 2009); United States v. Robinson, 64 F.3d 403, 405 (8th Cir. 1995).

## Discussion

In <u>Ground One</u>, Movant alleges that his sentence was unreasonable because he was not given a minor role reduction. However, it is undisputed that Movant never appealed his sentence. The question of whether this claim is even cognizable on post-conviction review thus presents a threshold issue. <u>See</u> <u>Lynn v. United States</u>, 365 F.3d 1225, 1233 (11th Cir. 2004).

"Courts have long and consistently affirmed that a collateral challenge, such as a §2255 motion, may not by a surrogate for direct appeal." <u>Id.</u> at 1232. The grounds for collateral attack on final judgments are therefore extremely limited. A federal prisoner is entitled to relief under §2255 only if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack. 28 U.S.C. §2255; <u>Thomas v. Crosby</u>, 371 F.3d 782, 811 (11th Cir.2004). As such, relief under § 2255 is generally reserved for jurisdictional errors and transgressions of constitutional rights, as well as for fundamental defects which inherently result in a complete miscarriage of justice, and omissions inconsistent with rudimentary demands of fair procedure. <u>See</u> <u>Reed v Farley</u>, 512 U.S. 339 (1994); <u>United States v. Addonizio</u>, 442 U.S. 178 (1979); <u>Hill v. United States</u>, 368 U.S. 424 (1962); <u>Lynn</u>, 365 F.3d at 1232-33.

Because a motion to vacate under §2255 is not a substitute for direct appeal, a defendant must advance available challenges to a criminal conviction or sentence on direct appeal, or else the defendant will be procedurally barred from presenting those claims in a §2255 proceeding. <u>Lynn</u>, 365 F.3d at 1234; <u>see also</u> <u>Mills v. United States</u>, 36 F.3d 1052, 1055 (11th Cir. 1994)(recognizing that a ground is "available" for direct appeal when its "merits can be reviewed without further factual development"). Absent a showing that a ground of error was unavailable on direct appeal, a criminal

5

defendant wishing to collaterally challenge a procedurally defaulted claim can do so only by demonstrating either 1) cause for not raising the claim on direct appeal and actual prejudice resulting from the alleged violation, or 2) actual innocence. Lynn, 365 F.3d at 1235-36 (citations omitted).

Here, the merits of Movant's claim that his sentence was unreasonable could have been reviewed without further factual development, and was thus "available" for direct review. As such, this claim is procedurally barred in this §2255 proceeding, due to Movant's failure to raise it on direct appeal.[2]

In Ground Two, Movant alleges ineffective assistance of counsel at sentencing. Specifically, Movant alleges that counsel was ineffective in stating that Movant was a "courier" or "intermediary" in the conspiracy, and in stating that Movant's earnings from the conspiracy were approximately $75 to $90 per fraudulent tax return.

Movant's claim that counsel was ineffective in stating that Movant was a "courier" or "intermediary" in the conspiracy is premised on his allegation that he was not in fact a "courier" or "intermediary," but rather the "assistant" of one of his co-conspirators. However, review of the sentencing transcripts reveals that counsel used the terms "courier" and "intermediary" in his efforts to characterize Movant's role in the conspiracy as one of a minor participant under the sentencing guidelines, as is frequently done in sentencing proceedings. See e.g. United States v. Montoya Hernandez, 07 Cr. 197-01(JSR), 2009 WL 3642868 at *2 (S.D.N.Y. Nov. 4, 2009)(Rakoff, D.J.)(defendant attempted to limit his role to that of an "intermediary" who collected money from investors in the conspiracy).

---

[2]Movant does not allege cause and prejudice or actual innocence to avoid the procedural bar, and review of the record reveals none. Moreover, as Respondent notes, in addition to being procedurally barred, this claim is without merit [See CV-DE#10, pp.5-6].

As the commentary to the sentencing guidelines notes, the minor participant determination is heavily fact-dependent. See U.S.S.G. § 3B1.2 cmt. n. 3(C). Here, the record reflects that counsel made cogent, fact-based arguments regarding Movant's role in the conspiracy in his attempts to obtain a minor-role adjustment, and the district court carefully considered and rejected counsel's efforts. Use of the term "assistant" instead of "intermediary" to characterize Movant's role would have made no material difference. Therefore, Movant cannot establish either deficient performance or prejudice. Indeed, Movant fails to explain how or why counsel's choice of words amounted to ineffective assistance, and merely asserts that the correct word to describe his role is "assistant" [CV-DE#1, p.7 & n.2]. As such, this claim is wholly conclusory and, consequently, subject to summary denial. See Hill, 474 U.S. at 60; Wilson, 962 F.2d at 998 (conclusory allegations of ineffective assistance of counsel are insufficient to state a claim); Tejada, 941 F.2d at 1559 (vague, conclusory, or unsupported allegations cannot support a claim of ineffective assistance of counsel); Robinson, 64 F.3d at 405 (vague and conclusory allegations of ineffective assistance of counsel do not warrant an evidentiary hearing); Aiello, 900 F.2d 534 (movant in §2255 proceeding alleging ineffective assistance of counsel must set forth specific facts which, if proved at a hearing, would entitle him to relief); see also Diaz, 930 F.2d at 834-35 (affirming summary denial where movant's allegations of ineffective assistance were affirmatively contradicted by the record).

Movant's claim that counsel was ineffective in stating that Movant's earnings from the conspiracy were approximately $75 to $90 per fraudulent tax return is also without merit. As the record reflects, Movant's advisory sentencing range was calculated pursuant to §2B1.1 of the federal sentencing guidelines [See PSI; see also DE#10, Exhs.2 & 3]. Under that section, Movant's base

7

offense level resulted from the nature of his crime, and was then adjusted based on the loss amount, the number of victims, because a substantial part of the fraudulent scheme was committed outside of the United States, and for timely acceptance of responsibility [See PSI; see also DE#10, Exhs.2 & 3].  Movant's earnings in the conspiracy were not a factor in calculating Movant's total offense level under §2B1.1 of the guidelines [See PSI; see also DE#10, Exhs.2 & 3].  Movant thus cannot establish prejudice resulting from counsel's statement, assuming *arguendo* for purposes of this motion that the statement was even erroneous.   Indeed, Movant does not even allege what his true earnings from the conspiracy supposedly were, or how establishing them would have made any difference. Moreover, as the record further reflects, counsel's statement that Movant earned between $75 to $90 per return was made, again, in the context of arguing that Movant should receive a mitigating role adjustment [DE-CV#10, Exh.3, p.30].  And again, as set forth above, the district court carefully considered and rejected all of counsel's arguments.  Movant's claim that counsel was ineffective in stating that Movant's earnings from the conspiracy were approximately $75 to $90 per fraudulent tax return is thus subject to summary denial.  Wilson, 962 F.2d at 998; Tejada, 941 F.2d at 1559; Robinson, 64 F.3d at 405; Aiello, 900 F.2d 534.

### Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and that if a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)."  Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts (hereinafter "Habeas Rules").  Rule 11(a) further provides that "[b]efore entering the final order, the court may direct the

8

parties to submit arguments on whether a certificate should issue." Id.  Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), Habeas Rules.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).   Where a §2255 movant's constitutional claims have been adjudicated and denied on the merits by the district court, the movant must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  Where a §2255 movant's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the movant can demonstrate both "(1) 'that jurists of reason would find it debatable whether the [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"   Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001)(quoting Slack, 529 U.S. at 484).  "Each component of the §2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

Having determined that Movant is not entitled to relief on the merits, the court considers whether Movant is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in the instant motion.  After reviewing the issues presented in light of the applicable standard, the court concludes that reasonable jurists would not find the court's

9

treatment of any of Movant's claims debatable and that none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is not warranted.  <u>See</u> <u>Miller-El</u>, 537 U.S. at 336-38; <u>Slack</u>, 529 U.S. at 483-84.

<u>Conclusion</u>

Based upon the foregoing, it is recommended that the motion to vacate be DENIED, and that no certificate of appealability be issued.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report, including any objections with regard to the denial of a certificate of appealability.

SIGNED this 16th day of June, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Venacio Oscar Pio, pro se
     Reg. No. 00311-104
     Adams County Correctional Institution
     P.O. Box 1600
     Washington, MS 39190

     Kurt K. Lunkenheimer, AUSA
     United States Attorney's Office
     99 N.E. 4th Street
     Miami, FL 33132

10